LÓPEZ, PETICIONARIO, *v.* SUCESIÓN LÓPEZ MARTÍNEZ ET AL., DEMANDADOS.

PETICIÓN para que este tribunal apruebe la exposición del caso.

No. 17.—Resuelto primeramente sin opinión en noviembre 5, 1913.

Resuelto en reconsideración en diciembre 5, 1913.

La petición fué denegada en noviembre 5, 1913, por aparecer de los autos que la sentencia en este caso descansa en una resolución declarando con lugar las excepciones previas a la demanda y no constar la necesidad de que se redacte y apruebe un pliego de exposición del caso, y fundado en el caso de *Sucesores de José Martínez* v. *Tomás Dávila & Co.*, 17 D. P. R., 1008.

MOCIÓN DE RECONSIDERACIÓN.

APELACIÓN—TRANSCRIPCIÓN DE AUTOS—MOCIONES SOBRE ELIMINACIONES, ANULACIONES DE LA REBELDÍA, PRÓRROGAS, ENMIENDAS Y OTRAS SEMEJANTES.—En

un caso como el presente en que no se ha celebrado juicio ni se ha presentado prueba, sino que se apela de una sentencia fundada en una resolución declarando con lugar unas excepciones previas a la demanda, y en que se han presentado mociones sobre eliminación de ciertas partes de la demanda enmendada, anulación de la rebeldía del demandado, y otras más de esta naturaleza, que necesariamente forman parte de los autos en la corte inferior, es evidente que para los efectos de la apelación las únicas constancias necesarias eran la demanda enmendada, las excepciones previas, la resolución de las mismas y la sentencia desestimando la demanda, y en el caso de que fueran necesarias otras, todas formaran parte de los autos.

Id.—Término para Presentar la Transcripción de Autos—Reglas de Esta Corte.—El Código de Enjuiciamiento Civil tal como fué aprobado en 1904, no fijaba el término para presentar en esta corte la transcripción de autos a los efectos de una apelación y de acuerdo con la regla 40 del reglamento de este tribunal, aprobado en diciembre 24, 1908, la transcripción de autos debe radicarse dentro del término de 30 días a contar desde la fecha de la aprobacion de la exposición del caso o pliego de excepciones, y en el caso de que no se preparen estos documentos, dentro de 30 días a contar desde la fecha en que se radicó en la corte inferior el escrito de apelación.

Id.—Transcripción de Autos—Término para Presentar la Transcripción de Autos Cuando no ha Habido Juicio ni Pruebas—Enmienda del Artículo 299 del Código de Enjuiciamiento Civil.—El término de 30 días señalado en el último párrafo del artículo 299 del Código de Enjuiciamiento Civil enmendado por la Ley No. 70 de marzo 9, 1911, para presentar en esta corte la transcripción de autos, se refiere a los casos en que ha habido juicio y pruebas y necesidad de preparar una exposición del caso, pero no dispone nada acerca de dicho término para los casos en que no ha habido juicio ni pruebas ni exposición del caso, y entonces rige el término de 30 días señalado por la regla 40 del reglamento de este tribunal, que en esa parte no ha sido derogada por dicha enmienda.

Id.—Exposición del Caso Cuando no ha Habido Juicio ni Pruebas.—Unicamente cuando ha habido juicio y se ha presentado prueba es que es indispensable preparar una exposición del caso, pero no cuando se trata de una apelacion contra una sentencia desestimando una demanda en virtud de excepciones previas formuladas contra la misma en que no ha habido tales trámites.

Abogado del peticionario: *Sr. Hugh R. Francis.*

La parte demandada no compareció.

Presentada moción de reconsideración, fué resuelta en diciembre 5, 1913, por medio de la siguiente opinión del tribunal emitida por el Juez Asociado Sr. Wolf.

El día 16 de enero de 1912, el demandante, Arturo López Díaz, presentó una demanda en la Corte de Distrito de San Juan contra la Sucesión de Antonio López Martínez.    La

demanda fué enmendada en 3 de febrero de 1912, y comparecieron luego los diferentes demandados ante la corte en distintas fechas, solicitando la eliminación de ciertas partes de la demanda enmendada. En 25 de marzo de 1912, comparecieron algunos de los demandados y pidieron a la corte que desestimara la demanda. En 1º. de abril, 1912, fué anotada la rebeldía de la sucesión demandada a petición de la parte demandante. El día 11 de abril de 1912, la parte demandada presentó una moción solicitando que se abriese la rebeldía, cuya moción fué declarada con lugar. En 25 de abril del mismo año algunos de los demandados formularon una excepción previa a la demanda que fué declarada con lugar por la corte, dando al demandante un plazo de 20 días para enmendar su demanda. Otras mociones, procedimientos y enmiendas semejantes tuvieron lugar en el caso hasta el día 9 de agosto de 1913, en que la corte declaró con lugar la excepción previa y ordenó que se registrara una sentencia. Tales son los hechos relativos a los procedimientos seguidos ante la corte inferior con anterioridad a la sentencia, según han sido alegados por el peticionario en el presente caso. Es de presumirse que todas estas actuaciones se llevaron a cabo por escrito como exige la ley, y consistieron en mociones, excepciones previas y enmiendas que necesariamente forman parte de los autos en la corte inferior. Además, es evidente que los únicos procedimientos necesarios para una apelación fueron la última demanda enmendada, la excepción previa formulada a la misma, la resolución de la corte sobre esta excepción y la sentencia final desestimando la demanda. Pero aun cuando hubieran sido necesarios algunos de los procedimientos anteriores, todos formaban parte de los autos.

El demandante interpuso recurso de apelación contra la sentencia dictada por la Corte de Distrito en 9 de agosto de 1913. Presentó entonces varias mociones a la referida corte solicitando prórroga del término para presentar la exposición del caso, que siendo meramente formales fueron concedidas. El peticionario alega además que se señaló el día

14 de octubre de 1913, para la aprobación de dicha exposición del caso; que en ese día comparecieron ambas partes oponiéndose el demandado a que se aprobara dicha exposición, y en 24 de octubre, 1913, la corte dictó su resolución rehusando aprobar dicha exposición del caso y dando como razón que no procedía la aprobación de una exposición del caso por tratarse de una apelación interpuesta contra una resolución sobre una excepción previa en que no se practicó prueba alguna.   Compareció entonces el demandante y apelante ante esta Corte solicitando de la misma que aprobara la referida exposición del caso.   Dicha exposición se componía de una relación de las mociones, órdenes, excepciones previas, enmiendas y otros procedimientos semejantes que dieron origen a la sentencia de agosto 9 de 1913.

En 5 de noviembre de 1913, este tribunal dictó una resolución declarando sin lugar la solicitud presentada, por la autoridad del caso de *Sucesores de José Martínez* v. *Tomás Dávila y Ca.,* citado en 17 D. P. R., 1008, y el caso pende ante este tribunal a virtud de una moción sobre reconsideración.

Al aprobarse en el año 1904 el Código de Enjuiciamiento Civil, no existía en dicho código ningún precepto que fijara el término dentro del cual debía presentarse a esta Corte la transcripción de autos en apelación, por lo que este tribunal, haciendo uso de sus facultades, que le confiere la ley, subsanó dicha omisión con la regla 50 de su Reglamento, aprobado en 1º. de noviembre de 1904.   Subsiguientemente la corte adoptó nuevas reglas, quedando regulada la cuestión por la regla 40.   Esta regla sin sus adiciones, es como sigue:

"Cuando se interponga recurso de apelación contra sentencia, definitiva, el apelante presentará al Secretario del Tribunal Supremo una transcripción de los autos dentro de los 30 días siguientes a la aprobación por parte del tribunal sentenciador, de la exposición de los hechos, pliegos de excepciones o exposición del caso, si los hubiere, o si no se hubiere presentado a su debido tiempo ninguna exposición de hechos, pliegos de excepciones ni exposición del caso, entonces dentro de los 30 días después de haberse presentado el escrito de apela-

· ción; y dicha transcripción contendrá una copia del escrito de apelación, del legajo de la sentencia, y de la exposición de los hechos, pliegos de excepciones o exposición del caso, si los hubiere, en que se funda el apelante. Cualquiera exposición que se haya utilizado en una moción solicitando un nuevo juicio, o que haya sido aprobada después de la resolución de tal moción, cuando ésta se haya hecho, basándola en las minutas del tribunal; o cualquier pliego de excepciones que haya sido aprobado o utilizado en una moción solicitando un nuevo juicio, puede utilizarse en la apelación que se interponga contra la sentencia definitiva, así como también contra la orden concediendo o denegando un nuevo juicio.''

En 9 de marzo de 1911, la Legislatura aprobó una ley por virtud de la cual quedó enmendado el artículo 299 del Código de Enjuiciamiento Civil. El párrafo primero de este artículo, dice lo siguiente:

''Artículo 299.—Archivada que sea una apelación contra una sentencia de una corte de distrito, la parte apelante, dentro de los 10 días siguientes a su archivo o de la prórroga que en su caso se le conceda por la corte, deberá presentar a ésta, entregando a la vez copia a la parte contraria, un pliego en el que hará constar las excepciones tomadas durante el curso del caso y una exposición de éste.''

Los otros párrafos del referido artículo enmendado hacen referencia a los documentos que deben incluirse en la expresada exposición.

El último párrafo del mencionado artículo, es como sigue:

''Constituirá el récord de una apelación, la certificación que librará el secretario del tribunal *a quo* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación. Dicha certificación deberá ser archivada en la secretaría de la Corte Suprema dentro de los 30 días siguientes al en que se haya aprobado el pliego de excepciones y exposición del caso, con la constancia de haberse entregado a los abogados de las partes apeladas una copia literal de la misma, certificada por el abogado del apelante.''

De una lectura que se haga del párrafo primero de la demanda, creemos que es evidente que la Legislatura tuvo presente las excepciones que necesariamente habían de tomarse

para llevar a los autos ciertos hechos o pruebas que indispensablemente no constituían parte de los mismos. Las palabras son ''haciendo constar las excepciones tomadas durante el curso del caso y una exposición de éste.'' Las palabras del párrafo segundo son ''en ese pliego se expondrán todos los antecedentes del litigio y pruebas practicadas o presentadas entonces.'' Es evidente que al hacer referencia la Legislatura a ''litigio'' y ''pruebas'' tuvo presente la vista del pleito, pues dicho artículo 299 continúa expresando la forma en que habrá de prepararse ésta prueba. El artículo supone en su totalidad la existencia de una controversia entre las partes, en la que todas las cuestiones que pudieran suscitarse entre estas sobre los hechos que hayan sido discutidos en relación con la prueba presentada durante el juicio, quedan arregladas por la corte. Pero con respecto a los casos en que no ha habido juicio ni prueba, el artículo 299 enmendado guarda tanto silencio como lo hacía anteriormente el Código de Enjuicimiento Civil. En él no se fija término alguno para la presentación de la transcripción de autos en este tribunal, en los casos en que se dicta sentencia sobre las excepciones previas o las alegaciones. El caso de *Sucesores de José Martínez y Ca.* v. *Tomás Dávila y Ca.,* arriba citado, fué uno en el cual los apelados presentaron una moción para que la corte desestimara el caso, por haber dejado los apelantes de presentar un pliego de excepciones y exposición del caso como lo exige el artículo 299 enmendado del Código de Enjuiciamento Civil, resolviendo entonces este tribunal en favor del apelante, que no puede exigirse a éste la presentación de una exposición del caso o pliego de excepciones, cuando no hay necesidad de archivar ninguno para perfeccionar su apelación, como sucede cuando se dicta sentencia sobre las alegaciones o excepciones previas.

Según ya hemos indicado tanto en ésta como en otras opiniones, el objeto del pliego de excepciones o exposición del caso es hacer que formen parte de los autos ciertas pruebas y hechos que de otro modo no formarían parte del legajo

de la sentencia. No puede suponerse que al aprobar la Legislatura una ley determinando la forma en que el apelante debe hacer constar en los autos las excepciones "tomadas" durante el curso de los procedimientos, tuviera por objeto facilitarle el medio de prorrogarle el término para la apelación. Ya resolvió este tribunal que no podía invocarse el artículo en contra del apelante para obligarle a presentar una exposición del caso, y por igual razón no puede preparar de modo arbitrario una exposición del caso que responda a sus fines, cuando no es necesaria dicha exposición para que pueda estar en condiciones de tramitar su apelación. Por tanto, como la ley guarda silencio sobre este particular relativo al tiempo en que debe archivarse la apelación en este tribunal, cuando no existe exposición del caso o pliego de excepciones, la regla No. 40 de este tribunal tiene aún fuerza de ley. No existe absolutamente nada en la ley de marzo 9, 1911, que sea incompatible con esta regla en este respecto. El objeto de la regla 40 fué el de fijar el tiempo para la presentación de la transcripción de autos en apelación. Al señalar el término dentro del cual deben enviarse los autos a este tribunal cuando se ha presentado una exposición del caso, la Legislatura conservó el mismo que el fijado por la regla de la corte. Esta regla aun está en vigor y debieron haber sido remitidos los autos a esta corte dentro de los 30 días de haberse registrado la apelación. Véase también el caso de *Rojas* v. *Porto Rico Motor Co.,* (pág. 815).

Los artículos 218 y 219 del Código de Enjuiciamiento Civil y los 64 y 65 de las Reglas de este tribunal, también muestran que el momento en que este tribunal u otro juez deberá intervenir en la aprobación del pliego de excepciones es cuando hay algo para ser aprobado por el juez o persona que conoce del caso. Se excluyen los casos como el presente en que los autos propiamente dichos muestran todos los procedimientos, pues la parte puede obtener una transcripción de tales procedimientos mediante certificación del secreta-

rio y sin la intervención del juez.   La moción sobre reconsideración debe ser denegada.

*Denegada la moción de reconsideración.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.
Los Jueces Presidente Sr. Hernández y Asociado Sr. Mac-Leary, no tomaron parte en la resolución de esta moción.